# EXHIBIT 4

September 1979 Memorandum of Agreement

AGREEMENT among the PEOPLE OF THE STATE OF NEW YORK (the "State") acting by and through THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION ("DEC") and THE NEW YORK STATE DEPARTMENT OF HEALTH ("DOH"); THE COUNTY OF WARREN (the "County"); THE CITY OF GLENS FALLS (the "City") and THE TOWN OF QUEENSBURY (the "Town").

WHEREAS, polychlorinated biphenyl wastes and soils contaminated with such wastes (collectively referred to as "PCB Wastes") have recently been discovered at several sites in the Town; and

WHEREAS, the Commissioner of the New York State Department of Health has declared that such wastes have created a condition dangerous to life and health on and around several of such sites; and

WHEREAS, in the interest of the health of persons residing on and around such sites concerning which conditions dangerous to life and health have been declared to exist, action is necessary to remove the PCB Wastes from such sites and to dispose of such PCB Wastes at a secure location; and

WHEREAS, the Commissioner of the New York State Department of Environmental Conservation has assumed the responsibility for devising appropriate methods by which such removal and disposal can be effected,

NOW, THEREFORE, the parties hereto, hereby agree as follows:

1. The State hereby makes the following representation:

   a. DEC has developed a remedial program (the "Program") including the excavation of PCB Wastes from several sites located in the Town, the transportation of such PCB Wastes to and the

-2-

disposal of such PCB Wastes in a secure landburial facility (the "Disposal Facility") to be constructed in the Town and a safety plan formulated by DOH. The Program is annexed hereto as Attachment A.

b. DEC and DOH have entered into a memorandum of understanding concerning the Program. A copy of the memorandum of understanding, executed September 9, 1979, is annexed hereto as Attachment B.

c. The United States Environmental Protection Agency ("EPA") has approved the Program. A copy of a letter from Acting Regional Administrator Richard T. Dewling (EPA Region II) to Commissioner Robert Flacke (DEC), dated October 23, 1979 is annexed hereto as Attachment C.

d. The City has granted the State and the County a right of entry upon property in the Town owned by the City where the Disposal Facility is to be constructed. A copy of the Right of Entry, executed September 19, 1979, is annexed hereto as Attachment D.

e. The State has secured rights of entry for the State and the County upon the sites in the Town from which PCB Wastes are to be excavated from the known owners and occupants of such sites, including the City. Copies of such rights of entry are collectively annexed hereto as Attachment E.

f. DEC has transmitted a copy of the Program to the County, the City, the Town, the New York State Police and the New York State Department of Transportation.

-3-

2. Except as provided in paragraph 13 hereof, the County shall, under the direction of DEC exercised by DEC pursuant to the memorandum of understanding between DEC and DOH (Attachment B), implement the Program including, without limitation, the excavation of PCB Wastes at the sites in the Town where the PCB Wastes are now located, the removal of PCB Wastes from such sites, the hauling of PCB Wastes to the Disposal Facility, the construction of the Disposal Facility, the disposal of the PCB Wastes in the Disposal Facility, the capping and sealing of the Disposal Facility, the monitoring and maintenance of the Disposal Facility, the fencing of the Disposal Facility and the filling and grading of the excavations from which PCB Wastes have been removed.

3. Except as provided in paragraph 13 hereof, the County shall, at its own expense, provide all personnel, materials and equipment necessary to implement the Program as described in paragraph 2. hereof.

4. The County shall, at its own expense, secure all insurance, including Worker's Compensation coverage, for the implementation of the Program.

5. The County recognizes that time is of the essence in the implementation of the Program and shall complete the implementation of the Program within thirty (30) days after the date of execution hereof.

-4-

6. The City shall, in accordance with the provisions of Attachment D, permit the State and the County to enter upon the site of the Disposal Facility and to construct the Disposal Facility, transport PCB Wastes to the Disposal Facility, dispose of PCB Wastes in the Disposal Facility, remove soils excavated as part of the construction of the Disposal Facility and use such soil to fill in excavated areas in the Town from which PCB Wastes have been removed.

7. The City shall permit the State and the County to remove PCB Wastes from property owned by the City in the Town.

8. The City shall, as soon as possible, convey the fee title to the site of the Disposal Facility, as described in Attachment D, to the State, or a public entity designated by the State to take such title, for the sum of one dollar.

9. The Town shall immediately advise the County and DEC of the location of all underground utility lines on and around the sites in the Town from which PCB Wastes are to be removed.

10. The Town shall, at its own expense, cooperate with and assist the County in implementing the Program by (a) providing equipment and personnel to the County for use in the implementation of the Program and (b) controlling the movement of traffic on Town roads during the implementation of the Program in accordance with the Safety Plan.

11. The State shall provide technical advice and direction to the County with respect to the activities to be conducted by the County pursuant to paragraph 2. hereof.

12. The State and the County shall continue their efforts to identify sites in the Town and the City where PCB Wastes have been disposed of.

13. The State shall (a) provide heavy equipment for the implementation of the Program, if such vehicles are available to the State and not available to the County from local government sources, (b) drill and install all monitoring wells around the Disposal Facility required by the Program and (c) to the extent lawfully so authorized, (i) reimburse the County for the cost of fuel for equipment, actual equipment rental, including operators, safety equipment for the protection of workers implementing the Program and materials for the Disposal Facility, including clay, sand, PVC pipe and fencing and (ii) ~~pay the County for the~~ Pay For Labor and Equipment Supplies. ~~County's use of its own equipment and/or equipment from other local government sources for the implementation of the Program at the applicable daily rental rate used by the New York State Department of Transportation~~.

14. The State, or a public entity designated by the State, shall, upon its acceptance, in writing, of the County's completion of the implementation of the Program, become responsible for the monitoring and maintenance of the Disposal Facility.

15. No PCB wastes from any location outside of the City and the Town shall be placed in the Disposal Facility.

16. The execution of this Agreement (a) implies no assumption of responsibility by the parties hereto for the condition of the sites in the Town where PCB Wastes have been found and (b) constitutes no waiver of any right or power of the parties hereto to recover the costs of the activities described herein or to secure any legal or other relief whatsoever with respect to the sites where PCB Wastes have been found.

-6-

17. Any amendment or modification of this Agreement shall be in writing and shall be approved in writing by the parties hereto.

IN WITNESS WHEREOF the parties hereto have executed this Agreement on this          day of August, 1979.

THE PEOPLE OF THE STATE OF NEW YORK

By: _____
Commissioner
New York State Department of Environmental Conservation

By: _____
Commissioner
New York State Department of Health

Approved as to authority,
power, form and execution:
Date: 8/20/79
_____
Glens Falls City Attorney

THE CITY OF GLENS FALLS

By: _____

THE COUNTY OF WARREN

By: _____

THE TOWN OF QUEENSBURY

By: _____

-7-

STATE OF NEW YORK ) ss:
COUNTY OF ALBANY )

On the 9TH day of September, 197 , before me personally came ROBERT FLACKE, to me known and known to me to be the same person who executed the foregoing instrument for and on behalf of the NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, and who, being by me duly sworn, did depose and say that he is Commissioner of the NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, and that he executed the foregoing instrument for and on behalf of the NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION by virtue of the authority in him vested as such Commissioner of the NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION.

_____
NOTARY PUBLIC

JOAN VISCHER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4672014
QUALIFIED IN WARREN COUNTY
COMMISSION EXPIRES MARCH 30, 19_

STATE OF NEW YORK ) ss:
COUNTY OF ALBANY )

On the 30th day of August, 1979, before me personally came DAVID AXELROD, to me known and known to me to be the same person who executed the foregoing instrument for and on behalf of the NEW YORK STATE DEPARTMENT OF HEALTH, and who, being by me duly sworn, did depose and say that he is Commissioner of the NEW YORK STATE DEPARTMENT OF HEALTH, and that he executed the foregoing instrument for and on behalf of the NEW YORK STATE DEPARTMENT OF HEALTH by virtue of the authority in him vested as such Commissioner of the NEW YORK STATE DEPARTMENT OF HEALTH.

_____
NOTARY PUBLIC

ANNA NAGAY
Notary Public, State of New York
Residing in Schenectady County
My Commission Expires March 30, 19 81

-8-

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF          )

On this 9th day of September, 1977, before me personally came Mew Bruel, to me known, who being duly sworn, did depose and say that he resides in Town of Queensbury ; that he is the Supervisor Town Queensbury of the corporation described in and which executed the foregoing instrument; that he knew the seal of said corporation; that the seal affixed to said instrument was such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC
JOAN VISCHER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4673014
QUALIFIED IN WARREN COUNTY
COMMISSION EXPIRES MARCH 30, 19__

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF          )

On the 9th day of September, 1977, before me personally came Shirley Gooslyner, to me known and known to me to be the same person who executed the foregoing agreement, and who being by me duly sworn deposes and says that he is the Chairman of the Board Supervisors of Warren County, that he resides in the Town of Johnsburg, State of New York, and that he executed the foregoing instrument for and on behalf of the _____ pursuant to authorization by the legislative body of said

_____
NOTARY PUBLIC
JOAN VISCHER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4673014
QUALIFIED IN WARREN COUNTY
COMMISSION EXPIRES MARCH 30, 19__

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF WARREN   )

On this 17th day of August, 1979, before me personally appeared Edward M. Bartholomew, Jr., to me known, who, being by me duly sworn, did depose and say that he resides in Glens Falls, New York ; that he is the Mayor of The City of Glens Falls, the municipal corporation described in and which executed the foregoing instrument; that he knows the seal of said municipal corporation, that the seal affixed to said instrument is such seal; that it was so affixed by order and authority of the Common Council of said municipal corporation, and that he signed his name thereby by like order and authority.

_____
NOTARY PUBLIC DEBORAH A. LANGWORTHY