# EXHIBIT 7

February 12, 1996 letter from DEC to GE

FILE COPY

February 13, 1996

Michael S. Elder, Esq.
Goodwin, Proctor & Hoar
One Steuben Place
Albany, New York 12207

RE: Luzerne Road PCB Site, Site # 5-57-010
    Sherman/Luzerne Road Site, Site # 5-57-015

Dear Mr. Elder:

I am writing to advise you that I have been assigned as counsel to represent the Department regarding discussions and negotiations between the Department and General Electric Company on matters for the two referenced sites. Please direct all communications regarding these matters through me, until and unless matters of a primarily technical nature are being clarified.

I have been advised of the substance of the meeting which occurred at Region 5 on January 26th. The Department does not appear to be in any position to consider any release from liability in exchange for any activity now under discussion. Any activity to be undertaken by General Electric would be entitled to an acknowledgement by the Department, which may be used by G.E. in the pursuit of any other potentially responsible parties. Activities undertaken by G.E. would not alter G.E.'s potential liability to the Department, but may diminish the claim to be asserted based on that liability.

For the Luzerne Road PCB containment cell, that unit is but one element of the entire Site, and long term operation of the containment cell has not yet been determined to be part of a preferred remedial alternative for the Site. Construction of the cell was undertaken and authorized as an emergency response,

Michael S. Elder, Esq.
February 12, 1996
Page 2

primarily to address the immediate health concerns of exposure to PCBs and vapors related to the Site. Little evaluation or response to additional environmental concerns, such as residual soil contamination or groundwater contamination and migration has been considered or implemented to date. Recent monitoring of the containment cell suggests that the cell may not be effectively isolating the concentrated PCBs from the general environmental issues associated with the Site. Removal of leachate from the cell properly serves as continuing mitigating action, but may or may not qualify as an element of the final remedial action at the Site. A remedial investigation and feasibility study, resulting in a Record of Decision and selection of a final remedy subject to public comment, followed by implementation of that remedy, is required before G.E. can obtain a release from liability from the Department.

The immediate issue regarding the pumping, removal and disposal of leachate from the cell qualifies as an interim remedial measure. The Department is offering G.E. the opportunity to undertake that responsibility in the first instance, pursuant to an IRM Order on Consent, rather than have the Department contract such service and add the costs to the response costs which the Department will eventually seek to recover. The Department would like a definitive response to this question as soon as possible.

As to the Sherman Avenue/Luzerne Road PCB capacitor Site, surficial removal also appears to be an expedient interim remedial measure response. Be advised that an evaluation of conditions at the property will likely be necessary before the Department can make final decisions regarding the effectiveness of such a response as to the full remediation of the Site. Some subsurface and groundwater examination and sampling may be necessary to document that the surficial removal is an effective remedy. At present, we can only acknowledge that such a remedy decreases the continuing risks associated with the Site.

Michael S. Elder, Esq.
February 12, 1996
Page 3

The Department is seeking to address these Sites in a manner consistent with CERCLA, the NCP, the ECL, 6 NYCRR 375, and the policies and procedures applicable to inactive hazardous waste disposal sites. Such consistency requires a formal administrative or judicial order or decree to address the activities to be undertaken, along with the opportunity for public comment, and the thorough evaluation of Site conditions necessary to establish effective remedial alternatives and selection of the most appropriate option.

The Department would like to work together with General Electric to address these sites, resolve all questions which arise, and put the matters fully behind us. Proposed IRM actions avoid issues which must eventually be addressed. Rather than do another interim and temporary response, especially at the Luzerne Road Site, the Department recommends a complete remedial investigation and feasibility study. However, the Department is willing to listen to any proposal G.E. may wish to submit regarding the Sites. What the Department may provide to G.E. in return depends entirely on how complete the proposal is toward remediating the Sites and resolving all the issues associated with the Sites.

To facilitate a rapid response, I am enclosing proposed IRM Orders on Consent for each Site. I anticipate that each Order can be tailored to address the proposed response for each Site based upon its own merits and type of response proposed. If G.E. agrees to expand the response at the Luzerne Road Site to include a more comprehensive documentation of Site conditions and evaluate remedial options as needed for an RI/FS report, a more expansive Order would be appropriate. In that case, the Department would prefer that the IRM response of pumping leachate be incorporated in the larger scheme, and it may be necessary to coordinate pumping and removal from within the cell with groundwater monitoring over a broader area. There is a greater possibility that the Sherman Avenue Site can be satisfactorily addressed by the removal of the capacitor units and some soil, along with confirmatory soil, and if necessary groundwater, analytical reports.

Michael S. Elder, Esq.
February 12, 1996
Page 4

    I look forward to receiving a specific proposal from you and your client regarding each of these Sites.

               Sincerely,

                Glen R. Bailey
                Senior Attorney
                Division of Environmental
                   Enforcement

GRB:JAB
B083LZRN.5

cc: John Haggard
    Engineering Project Manager
    General Electric - Environmental Programs
    1 Computer Drive South
    Albany, New York 12205

bcc: Mel Coutant
     Dan Steenberge