# EXHIBIT 8

May 21, 1996 letter from GE to DEC

MAY-28-1996  12:47   FROM  DEE NYS DEC BUFFALO     TO     84355489143324670    P.01

**Michael S. Elder**
Counsel, Northeast/Midwest Region

Post-It™ brand fax transmittal memo 7671 | # of pages ▸ 3

| To JOHN BYRNE | From GLEN BAILEY |
|---|---|
| Co. DEE-EFU | Co. DEE-WFU |
| Dept. F.Y.I. | Phone # (716) 851-7050 |
| Fax # (914) 332-4670 | Fax # (716) 851-7067 |

**General Electric Company**
Corporate Environmental Programs
One Computer Drive South, Albany, NY 12205
Dial Comm: 8* 520-9614
Telephone: (518) 458-6614; Fax: (518) 458-1014

May 21, 1996

**RECEIVED**

MAY 24 1996

N.Y.S. DEPT. OF
ENVIRONMENTAL CONSERVATION
DIV. ENVIRONMENTAL ENFORCEMENT
BUFFALO FIELD UNIT

Glenn R. Bailey, Esq.
Senior Attorney
Division of Environmental Enforcement
New York State Department of Environmental
  Conservation
270 Michigan Avenue
Buffalo, New York 14203-2999

Re:  Luzerne Road PCB Site and Sherman/Luzerne Road Site

Dear Mr. Bailey:

As you know, there have been a number of discussions between the New York State Department of Environmental Conservation ("NYSDEC") Region 5, primarily Daniel Steenberge, and General Electric Company ("GE"), primarily John G. Haggard, involving possible GE participation in remedial activities related to the above-referenced sites. On April 19, 1996, Mr. Steenberge and other State representatives lead several GE representatives, including myself, on a tour of these sites. It was our understanding that, after the tour, Mr. Steenberge expected to hear back from GE with respect to whether or not it would engage in discussions regarding participation in remedial activities. Following the April 19, 1996 tour, Mr. Haggard spoke to Mr. Steenberge by telephone and was advised that any communications to NYSDEC regarding these sites should be channeled through you. In accordance with Mr. Steenberge' request, I am writing to advise you of our position.

1. GE has made several requests, directed primarily to Mr. Steenberge, for an explanation of the basis of GE's alleged liability with respect to these sites. To date, none has been forthcoming. Without some elucidation of GE's nexus to these sites, we are unwilling to participate in settlement discussions along the lines of the proposed Consent Orders which you sent me on February 13, 1996.

2. Further, the Luzerne Road PCB disposal facility is owned and operated, and has always been operated, by the State of New York. The documents provided to GE by NYSDEC contain numerous admissions by the State that the facility has not always been operated in conformance with its TSCA authorization from the United States Environmental Protection Agency and in an otherwise deficient manner. Any remedial activities necessitated as a result of any releases from the State's PCB disposal facility should be the sole responsibility of the State.

3. With respect to the Sherman/Luzerne Road site, the capacitors which remain on the site do not bear any manufacturer's markings and to date we have been unable to match the capacitors found at the site with any capacitors formerly manufactured by GE. Moreover, as NYSDEC has conceded, there is no evidence linking GE to the disposal of these capacitors and other possibly contaminated objects at the Sherman/Luzerne Road site. However, we believe that it is imprudent for the capacitors and other objects to remain at this unsecured location. In this regard, we note that the NYSDEC has been aware of their presence since at least 1992. While GE expressly disavows any responsibility for the presence of the capacitors and other objects, it is willing to discuss their removal if an appropriate agreement can be fashioned. Two critical elements of such an agreement would be that any discussion of a removal, and any actual removal activities, would not be deemed an admission of any liability, or an admission of any issue of law or fact or even that GE manufactured the capacitors. Indeed, based on currently available information, as indicated above, we are unable to verify that the capacitors that were at the site on April 19, 1996, were manufactured by GE. Thus, the purpose of any removal would be solely to protect the public and not as a result of any liabilities on GE's part. Second, GE would require an appropriate release.

If NYSDEC believes that our position as set forth above constitutes a basis for discussion of the removal of the capacitors and other objects from the Sherman/Luzerne Road site, please let me know. In addition, if NYSDEC has additional information concerning GE's alleged liability at the above-referenced sites, please consider this letter a request for such information. If I do not hear from you, I will assume that NYSDEC has no additional information.

Please feel free to contact me to discuss these sites.

Sincerely,

Michael S. Elder

cc: Jill Siebels
    Lori Shirley
    John Haggard